UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James E. Allen

     v.

Durham School Services, L.P.

Civil No. 18-cv-881-LM
Opinion No. 2021 DNH 021 P


**O R D E R**

Defendant Durham School Services ("DSS") provides transportation services to school districts and municipalities. Plaintiff James E. Allen was a mechanic at one of DSS's garages. Allen sues DSS, alleging wrongful termination and unpaid wages in violation of New Hampshire statute RSA 275:44 and further alleging a violation of New Hampshire's Whistleblower Protection Act, RSA 275-E:2. Allen testified at a deposition hearing and subsequently submitted corrections to his deposition transcript, known as an "errata sheet." DSS moves to strike the errata sheet on several grounds. Allen objects. For the reasons below, DSS's motion to strike the errata sheet (doc. no. 30) is denied.


**BACKGROUND**

The following facts come from the parties' filings and attached exhibits. DSS deposed Allen on February 6, 2020, and Allen received the deposition transcript on

February 26.[1]  On March 30, DSS reached out to Allen's counsel noting that DSS had not received changes to the deposition transcript and understood Allen's silence to be acceptance of the transcript.  Allen's counsel responded the next day, March 31, with an unsigned errata sheet and again on April 3 with a signed errata sheet.  Thirty-seven days elapsed between when Allen received the transcript and when his counsel sent a signed errata sheet to DSS.  DSS filed this motion to strike on November 11, seven months after receiving the signed errata sheet.

Allen's errata sheet makes nineteen changes to the 285-page transcript of his deposition testimony.  Most of the changes, fifteen in total, are brief additions offered to clarify incomplete answers.  The remaining four changes are substantive edits, but they address only the activities inside of one of DSS's garages where Allen worked.  The activities inside the garage are material, but they are not dispositive regarding Allen's claims of wrongful termination and violation of the Whistleblower Protection Act.  For example, Allen modified his answer "we didn't have the garage open" to "we didn't have the garage open working on vehicles."  Doc. no. 30, ex. E. In another edit, Allen was asked whether he understood that the hours of operation were outside of the limits allowed by a town ordinance.  He changed his response from "I do" to "No, because we did no maintenance."  Id.  Allen stated that he made the changes "in order to make this deposition more nearly conform to the testimony given."  Id.

---

[1] DSS received the transcript on February 21.

Allen's modifications regarding the activities inside the garage and the town ordinance are not changed in a way that creates disputes of material fact because the garage activities and town ordinance are addressed in other, unmodified sections of Allen's testimony. The errata sheet merely clarifies Allen's recollection. Further, there are other material disputes of fact that are covered in separate sections of Allen's testimony. Despite the routine nature of Allen's changes, DSS moves to strike the errata sheet, "intends to file a Motion to Compel," and seeks to reopen Allen's deposition. See doc. nos. 30, 37.

## DISCUSSION

Federal Rule of Civil Procedure 30(e) provides that a deponent "must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). "Courts are entitled to enforce Rule 30(e)'s time limit strictly and strike untimely errata." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 266 (3d Cir. 2010). Many courts "disregard untimely errata sheets, treating them as a nullity." Barth v. City of Peabody, No. CV 15-13794-MBB, 2019 WL 2525475, *2 n.5 (D. Mass. June 19, 2019) (quoting Norelus v. Denny's, Inc., 628 F.3d 1270, 1304 (11th Cir. 2010) (citations omitted)). While the court can choose to strictly enforce Rule 30(e)'s time limit, the court can also exempt a party from the deadline requirement. See Perez-Cordero v. Wal-Mart Puerto Rico,

440 F.3d 531, 533 (1st Cir. 2006) ("The district court has significant discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure.")

Rule 30(e) does not limit a party to minor corrections, "it permits changes in form or substance." Pina v. The Children's Place, 740 F.3d 785, 792 (1st Cir. 2014); see also Berndt v. Snyder, No. 13-CV-368-SM, 2014 WL 6977848, *6 (D.N.H. Dec. 9, 2014) ("Rule 30(e) expressly allows changes in both 'form and substance.'") (quoting TG Plastics Trading, Co. v. Toray Plastics (Am.), Inc., No. 09–336M, 2013 WL 322121, at *1–*2 (D.R.I. Jan. 28, 2013)).  Substantive changes in an errata sheet may be significant and may "contradict the original answers given." Poole v. Gorthon Ll. AB, 908 F.Supp.2d 778, 785–86 (W.D. La. 2012).

When filing an errata sheet, "[t]he deponent . . . must supply a reason for the changes which is not conclusory." See Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 120 (D. Mass. 2001).  If the deponent "fails to state the reasons for the changes, the reviewing court may appropriately strike the errata sheet." EBC, Inc., 618 F.3d at 266.  However, a short, general justification may be an adequate reason for certain changes.  See Foutz v. Town of Vinton, Virginia, 211 F.R.D. 293, 295–96 (W.D. Va. 2002).  For example, in Foutz the court found that a single reason at the beginning of the plaintiff's errata sheet was a sufficient justification for the changes.  Id.  The court held that it was not necessary to "examine the sufficiency, reasonableness, or legitimacy of the reasons." Id. at 296. As an alternative to striking an errata sheet, a deposition may be reopened "if the

4

changes contained in the errata sheet make the deposition incomplete or useless without further testimony." Pina, 740 F.3d at 791 (quoting Tingley, 152 F. Supp. 2d at 120).

Here, DSS first argues that Allen's errata sheet should be stricken because it was filed after the thirty-day deadline in Rule 30(e). The parties do not dispute that Allen's errata sheet was filed after the deadline and that the court may strike the errata sheet. However, Allen argues that his seven-day delay should be excused because he filed his errata sheet during the earliest part of this ongoing global pandemic. New Hampshire Governor Christopher Sununu declared a state of emergency due to COVID-19 on March 13, two weeks before the errata sheet was due.[2] Further, Allen argues that DSS is not prejudiced by Allen's delay, as evidenced by the seven-month gap between the errata sheet and this motion to strike. The court finds that Allen's seven-day delay in sending the changes to his deposition testimony is excusable under these circumstances and does not justify striking the untimely errata sheet. See Perez-Cordero, 440 F.3d at 533.

DSS next argues that Allen's errata sheet should be stricken because Allen impermissibly made substantive changes in the errata sheet. Allen counters that substantive changes are allowed under Rule 30(e). The court finds that Allen's substantive changes in his errata sheet are indeed permissible under both Rule 30(e) and First Circuit case law. See Fed. R. Civ. P. 30(e); Pina, 740 F.3d at 792.

---

[2] Governor Christopher Sununu, *An Order Declaring A State of Emergency Due to Novel Coronavirus (COVID-19)*, Executive Order 2020-04 (March 13, 2020) https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/2020-04.pdf.

DSS also argues that Allen's errata sheet should be stricken because Allen's reason for filing the errata sheet is inadequate.  Allen counters that his reason for submitting the errata sheet—"to make this deposition more nearly conform to the testimony given"—is sufficient.  The court finds this to be adequate justification for the changes in the errata sheet.  See Foutz, 211 F.R.D. at 295–96.

Finally, DSS argues that Allen's deposition should be reopened to inquire into Allen's reasons for the changes in his errata sheet.  The court finds that Allen's deposition does not need to be reopened because the errata sheet does not make Allen's deposition "incomplete or useless."  Pina, 740 F.3d at 785.  Instead, DSS may explore the changes at trial.

## CONCLUSION

For the reasons discussed above, DSS's motion to strike plaintiff's errata sheet (doc. no. 30) is denied.

SO ORDERED.

Landya McCafferty
United States District Judge

January 27, 2021

cc:  Counsel of Record

6